expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.

947 A.2d 622

IN THE MATTER OF THOMAS A. GIAMANCO,
AN ATTORNEY AT LAW.

May 9, 2008.

## CORRECTED ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–338, concluding that **THOMAS A. GIAMAN-CO,** formerly of **RIDGEWOOD,** who was admitted to the bar of this State in 1983, and who has been suspended from the practice of law since November, 21, 2006, should be suspended from the practice of law for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) and (b) (failure to communicate with client), *RPC* 1.15(d) (failure to protect the client's interests on termination of the representation), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having determined that said term of suspension should be consecutive to the one-year suspension imposed this date for respondent's unethical conduct in D–48–07 (DRB 07–165 and DRB 07–166);

And good cause appearing;

It is ORDERED that **THOMAS A. GIAMANCO** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective May 7, 2009; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.